## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FT WORTH DIVISION

---------------------------------------------------------------------x

Barbara Penny
a/k/a Barbara Phillip,

               Plaintiff,                                    **C.A. No.:** 4:20-cv-1143

        -against-                                        **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
TransUnion, LLC,
JPMorgan Chase Bank, N.A.,
PNC Bank, N.A.,
TD Bank USA, N.A.,

               Defendant(s).

---------------------------------------------------------------------x

## COMPLAINT

      Plaintiff Barbara Penny a/k/a Barbara Phillip ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant TransUnion, LLC ("Transunion"), Defendant JPMorgan Chase Bank, N.A. ("Chase"), Defendant PNC Bank, N.A. ("PNC"), and Defendant TD Bank USA, N.A. ("TD") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of Texas, Tarrant County, residing at 1583 Cozy Drive, Fort Worth, TX, 76120.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E 7th Street, Ste 620, Austin, TX, 78701.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.   At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.   Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Texas, and may be served with process upon CT Corporation, its registered agent for service of process at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

10.   At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11.   At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12.   Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 211 E. 7th Street, Ste. 620, Austin, TX 78701.

13.   At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

14. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant PNC Bank, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

16. PNC Bank, N.A. is corporation registered to do business in Texas with an address for service c/o Carol Sarnowski, 1 PNC Plaza, 21st aver, Floor 249, Pittsburgh, PA, 15222.

17. Defendant TD Bank (USA), N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

18. TD Bank (USA), N.A. is corporation registered to do business in Texas with an address for service at 1701 Marlton Pike E, Cherry Hill, NJ, 08034.

19. Defendant JPMorgan Chase Bank, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

20. JPMorgan Chase Bank, N.A. is corporation registered to do business in Texas with an address for service c/o CT Corporation System, 1999 Bryan Street, Ste 900, Dallas, TX, 75201.


## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### PNC Dispute and Violation

22. On information and belief, on a date better known to Defendants Equifax, Experian, and Transunion (hereinafter "the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her PNC home mortgage.

23. The inaccurate information furnished by Defendant PNC and published by the Bureaus is inaccurate because the tradeline includes inaccurate and false late payment notations as well as suppression of positive data.

24. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff notified the Bureaus that she disputed the accuracy of the information being reported, with separate dispute letters sent on or around November 28, 2018.

26. It is believed, and therefore averred, that the Bureaus notified Defendant PNC of the Plaintiff's dispute.

27. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, PNC failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

28. Had PNC done a proper investigation it would have been revealed that the account lists false late entries and suppression of positive data.

29. Furthermore, PNC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

30. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

31. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

32. Specifically, Transunion failed to send a response to the Plaintiff's dispute as required by the FCRA.

33. Additionally, Equifax and Experian are suppressing positive data on the Plaintiff's tradeline.

34. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

35. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

<u>Chase Bank Dispute and Violation</u>

36. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's Chase Bank credit card account (4266811xxxxxxxx).

37. The inaccurate information furnished by Defendant Chase and published by Transunion is inaccurate because the tradeline states in the remarks that the account was settled less than full balance, when in reality it was paid in full.

38. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

39. Plaintiff notified Transunion that she disputed the accuracy of the information being reported, with a dispute letter sent on or around November 28, 2018.

40. It is believed, and therefore averred, that Transunion notified Defendant Chase of the Plaintiff's dispute.

41. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Chase failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

42. Had Chase done a proper investigation it would have been revealed to Chase that the account contains a false statement regarding payments.

43. Furthermore, Chase failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

44. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt

to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

45. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

46. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

47. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## TD Bank Dispute and Violation

48. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's TD Bank account, co-branded with Target.

49. The inaccurate information furnished by Defendant TD and published by Transunion is inaccurate because the tradeline states in the remarks that the account was settled less than full balance, when in reality it was paid in full.

50. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

51. Plaintiff notified Transunion that she disputed the accuracy of the information being reported, with a dispute letter sent on or around November 28, 2018.

52. It is believed, and therefore averred, that Transunion notified Defendant TD of the Plaintiff's dispute.

53. Upon receipt of the dispute of the account from the Plaintiff by Transunion, TD failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

54. Had TD done a proper investigation it would have been revealed to TD that the account contains a false statement regarding payments.

55. Furthermore, TD failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

56. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

57. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

58. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

59. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

62. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

63. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

i) Failure to reply to Plaintiff's dispute notice.

64. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

69. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

70. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

i) Failure to reply to Plaintiff's dispute notice.

71. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### **THIRD CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Experian)**

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

76. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

77. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

78. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## <u>FOURTH CAUSE OF ACTION</u>

### (Negligent Violation of the FCRA as to Experian)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

83. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

84. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

85. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

86. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Transunion)

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

90. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

91. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

i) Failure to reply to Plaintiff's dispute notice.

92. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

93. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681n.

94. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

97. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

98. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

i) Failure to reply to Plaintiff's dispute notice.

99. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

100.    The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

101.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant PNC)

102.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

103.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

104.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

107.     The Defendant PNC violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

108.    Specifically, the Defendant PNC continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the late payments and negative account status.

109.    Had PNC done a reasonable investigation it would have found that the Plaintiff timely made every payment required of her and the late payments were false and inaccurate.

110.    Additionally, Defendant PNC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

111.    As a result of the conduct, action and inaction of the Defendant PNC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

112.    The conduct, action and inaction of Defendant PNC was willful, rendering Defendant PNC liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

113.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant PNC for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant PNC)

114.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

115.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

116.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

117.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

118.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

119.    Defendant PNC is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

120.    After receiving the Dispute Notices from the Bureaus, Defendant PNC negligently failed to conduct its reinvestigation in good faith.

121.    A reasonable investigation would require a furnisher such as Defendant PNC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

122.    Had PNC done a reasonable investigation it would have found that the Plaintiff timely made every payment as required.

123.    Additionally, Defendant PNC failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

124.    The conduct, action and inaction of Defendant PNC was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

125.    As a result of the conduct, action and inaction of the Defendant PNC, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

126.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant PNC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **NINTH CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Defendant Chase)**

127.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

129.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

130.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

131.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

132.    The Defendant Chase violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

133.    Specifically, the Defendant Chase continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the settled payment status.

134.    Had Chase done a reasonable investigation it would have found that the Plaintiff made payment in full.

135.    Additionally, Defendant Chase failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

136.     As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

137.     The conduct, action and inaction of Defendant Chase was willful, rendering Defendant Chase liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

138.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant Chase for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Chase)

139.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

140.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

141.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

142.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

143.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

144.    Defendant Chase is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

145.    After receiving the Dispute Notice from Transunion, Defendant Chase negligently failed to conduct its reinvestigation in good faith.

146.    A reasonable investigation would require a furnisher such as Defendant Chase to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

147.    Had Chase done a reasonable investigation it would have found that the Plaintiff paid the account in full.

148.    Additionally, Defendant Chase failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

149.    The conduct, action and inaction of Defendant Chase was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

150.    As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from

credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

151.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## ELEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant TD)

152.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

153.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

154.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

155.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

156.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the

information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

157.    The Defendant TD violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

158.    Specifically, the Defendant TD continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the settled payment status.

159.    Had TD done a reasonable investigation it would have found that the Plaintiff made payment in full.

160.    Additionally, Defendant TD failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

161.    As a result of the conduct, action and inaction of the Defendant TD, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

162.    The conduct, action and inaction of Defendant TD was willful, rendering Defendant TD liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

163.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant TD in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant TD for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TWELFTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant TD)

164.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

165.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

166.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

167.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

168.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

169.     Defendant TD is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

170.    After receiving the Dispute Notice from Transunion, Defendant TD negligently failed to conduct its reinvestigation in good faith.

171.    A reasonable investigation would require a furnisher such as Defendant TD to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

172.    Had TD done a reasonable investigation it would have found that the Plaintiff paid the account in full.

173.    Additionally, Defendant TD failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

174.    The conduct, action and inaction of Defendant TD was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

175.    As a result of the conduct, action and inaction of the Defendant TD, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

176.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant TD in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Penny, an individual, demands judgment in her favor against Defendant TD, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

177.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims

and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for

each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  October 16, 2020

/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com
Pro Hac Vice Pending.